# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ROLAND WALTER SPIKES,** <br> Movant, | **CRIMINAL NO.** <br> **1:11-CR-0387-ODE-GGB** |
| v. | **CIVIL ACTION NO.** <br> **1:12-CV-01711-ODE-GGB** |
| **UNITED STATES OF AMERICA,** <br> Respondent. | **MOTION TO VACATE** <br> **28 U.S.C. § 2255** |

### FINAL REPORT AND RECOMMENDATION

Roland Walter Spikes ("Spikes" or "Movant") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 29]. Movant challenges the constitutionality of his 120-month sentence that was imposed on March 14, 2012 [Doc. 26], following his guilty plea on January 6, 2012 [Doc. 22]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 29] and supplemental brief [Doc. 30]; and (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 36].

## I.    BACKGROUND

On August 9, 2011, Spikes was indicted on five counts of knowing and intentional distribution of marijuana (Counts Two, Three, Five, Six and Eight) and three counts of

possession of a firearm by a convicted felon (Counts One, Four and Seven). [Doc. 1]. On December 30, 2011, the Government filed a "Sentencing Information" to inform Spikes that he was subject to the enhanced sentencing provisions of Title 21, U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B) and 851 because of two prior felony convictions for possession with intent to distribute cocaine. [Doc. 21].

On January 6, 2012, Spikes entered a negotiated binding plea of guilty to Count Two of the indictment (one of the marijuana distribution counts). [Docs. 22, 35]. The plea agreement stated that the Government and the Defendant agreed to a sentence of 120 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and if the Court accepted the plea agreement as binding, the Court would impose the statutory maximum sentence of 120 months. [Doc. 22-1 at 3]. The Government agreed that it would dismiss the remaining counts upon entry of the Judgment and Commitment Order. [*Id.* at 3-4].

At the guilty plea hearing, Spikes's attorney explained to the Court his reasons for recommending the plea agreement. Counsel said that because Spikes had at least one prior conviction for a crime of violence and two prior felony cocaine convictions, Spikes would be subject to a mandatory minimum sentence of fifteen years if he was convicted of even one of the three felon-in-possession charges.[1] [Doc. 35 at 3, 6-7]. As

---

[1]The Armed Career Criminal Act ("ACCA") subjects a defendant to a 15-year mandatory minimum sentence if he has three prior violent felony or serious drug

to one of those counts, the evidence was strong because a law enforcement agent was present and could testify that Spikes possessed a firearm. [*Id.* at 7]. By entering into this plea agreement, Spikes would avoid a mandatory minimum sentence of fifteen years. [*Id.*].

The Court explained to Spikes that the sentencing guideline range for Count Two alone was lower than ten years,[2] but that if he were to be convicted of one of the firearms charges in the indictment, the Court would have to sentence him to a minimum of fifteen years. [Doc. 35 at 11]. In response to questioning by the Court, Spikes said that he understood his attorney's explanation of the plea, that he agreed ten years was an appropriate sentence, and that he wanted to go forward with the guilty plea. [*Id.* at 8, 11-12].

Spikes's plea agreement contained a "Limited Waiver of Appeal," which provided as follows:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground,

---

convictions. 18 U.S.C. § 924(e)(1).

[2]The Court told Spikes that the guideline range for Count Two would be 77 to 96 months. [Doc. 35, p. 11].

3

in particular, because the Defendant has agreed that he is guilty and has agreed to the statutory maximum sentence of 120 months. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, and that, because the Defendant has agreed to the statutory maximum sentence, the Defendant will not be able to appeal the sentence even in the event that the Government initiates a direct appeal of the sentence imposed.

[Doc. 22-1 at 5].

The Government gave a factual basis for both Count One and Count Two, and Spikes did not contest the Government's proffer of the evidence. [Doc. 35 at 12-15]. The Court conducted a thorough colloquy with Spikes to ensure that he understood his rights, the terms of the plea agreement, the elements of the offense, and that Spikes's guilty plea was knowing and voluntary. The Court informed Spikes that if his guilty plea was accepted, he would receive a ten-year sentence, he would not be permitted to withdraw his guilty plea, and he was giving up his right to appeal. [*Id.* at 17-18]. At the close of the hearing, the Court accepted the plea, finding that it was tendered freely and voluntarily and was supported by a factual basis. [*Id.* at 19].

The pre-sentence report ("PSR") confirmed that Spikes had multiple convictions, including two prior felony cocaine convictions and a prior conviction for aggravated assault. [PSR at ¶¶ 42, 43, 47]. The PSR calculated the total guideline offense level at 77-96 months, but noted that the parties had agreed to an upward variance to the

4

statutory maximum penalty (on the marijuana charge) of 120 months. [PSR at 13, 21].

At Spikes's sentencing on March 14, 2012, the Court noted that there were no objections to the PSR. [Doc. 33 at 2]. The Court then imposed the sentence of 120 months of imprisonment, the sentence that the parties had agreed upon in the binding plea agreement. [*Id.* at 4]. The Court also ordered Spikes to serve a four-year term of supervised release. [*Id.*]. The Court noted that Spikes could have faced a far worse sentence as an armed career criminal, and therefore, a 120-month sentence was reasonable. [Doc. 33 at 5-6].

Additional facts are discussed in context below.

## II. DISCUSSION

In his motion, as originally filed, Spikes alleged fraud by the Court. [Doc. 29 at 5]. However, Spikes alleges no facts to support this allegation.

In a supplemental document, Spikes alleges that he did not enter his plea knowingly and voluntarily, and that his attorney rendered ineffective assistance in connection with the plea agreement. [Doc. 30]. Spikes asserts that his attorney never explained the plea agreement to him. Spikes also claims that he would have been better off entering a non-binding plea agreement, because his guideline range was 77-96 months. [*Id.* at 2]. Thus, according to Spikes, he would have received a lower sentence

5

if he had not entered into the plea agreement. He requests that he be allowed to withdraw his guilty plea.

As an initial matter, I note that the Government is not relying on the appeal waiver in its opposition to Spikes's § 2255 motion, because Spikes is challenging the validity of his plea. Therefore, in accordance with the Government's position, I will not discuss the appeal waiver. However, for reasons discussed below, Spikes's § 2255 motion is without merit.

With regard to whether Spikes knowingly and voluntarily entered his guilty plea, the record reflects that Spikes stated that he understood the charges against him and understood that under the binding plea agreement, he would be sentenced to 120 months in prison. [Doc. 35 at 8-12, 17]. Further, the Court explained to Spikes that his guideline range for Count Two, the Count to which he was pleading guilty, would be less than 120 months, but that through his plea agreement, he would avoid a mandatory minimum 15-year sentence for the felon-in-possession charges. [*Id.* at 11]. Spikes stated that he understood this explanation. [*Id.* at 11-12]. Further, Spikes stated that he had been given an adequate opportunity to discuss the plea with his attorney and that he was satisfied with his attorney's services. [Doc. 35 at 12]. "There is a strong presumption that statements made during a plea colloquy are true." *United States v.*

AO 72A
(Rev.8/82)

*Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010). Spikes's motion falls far short of rebutting that presumption.

With regard to Spikes's claim that his attorney rendered ineffective assistance in connection with the plea agreement, "[i]neffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).

The two part *Strickland* standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59; *Esslinger v. Davis*, 44 F.3d 1515, 1528 (11th Cir. 1995).

7

With respect to his claim of ineffective assistance of counsel, Spikes overlooks that it was part of his plea agreement that the Government would dismiss the firearms counts against him. As discussed during the plea hearing, the evidence on one of those counts was strong, and if convicted, Spikes would likely have received at least a fifteen-year mandatory minimum sentence because he would have been sentenced as an armed career criminal. Thus, by negotiating a plea that called for a ten-year sentence, Spikes's counsel acted well within the wide range of reasonable professional assistance.

For these reasons, Spikes's claims of an involuntary and unknowing guilty plea, and ineffective assistance of counsel are without merit.

## III. **CERTIFICATE OF APPEALABILITY**

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive

8

procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 29] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 18th day of January, 2013.

                                                 /s/ Gerrilyn G. Brill
                                                 GERRILYN G. BRILL
                                                 UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)